UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS,         :
                                 :
         Plaintiff               :
                                 :
    v.                           :   CIVIL NO. 4:CV-06-2466
                                 :
EDWIN M. KOSIK, JUDGE,           :   (Judge McClure)
ET AL.,                          :
                                 :
         Defendants              :

## MEMORANDUM

January 18, 2007

**Background**

Michael Curtis Reynolds ("Plaintiff"), an inmate presently confined in the Lackawanna County Prison, Scranton, Pennsylvania, initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. The complaint is accompanied by a request for leave to proceed in forma pauperis.[1] For the reasons set forth below, Reynolds' complaint will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

---

1. Reynolds completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The Court then issued an Administrative Order directing the Warden of the Lackawanna County Prison to commence deducting the full filing fee from Plaintiff's prison trust fund account.

Named as Defendants are Judge Edwin M. Kosik, Assistant United States Attorney (AUSA) John Gurganus, and Agent Larry Whitehead of the Federal Bureau of Investigation (FBI). The complaint challenges the legality of Reynolds' ongoing federal criminal prosecution. Specifically, he asserts that Agent Whitehead committed perjury and fraud by lying in an affidavit which was presented to a federal grand jury. He also contends that Attorney Gurganus, who is handling his prosecution, similarly committed perjury and fraud by knowingly using false statements to obtain the underlying criminal indictments. The complaint further maintains that Judge Kosik, who is presiding over Reynolds' criminal case, "knew of perjured statements," illegally detained the Plaintiff and made erroneous determinations. Record document no. 1, ¶ IV (1). As relief, Plaintiff seeks compensation and injunctive relief, including his acquittal on all charges.

**Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis. § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319,

327-28 (1989); <u>Wilson v. Rackmill</u>, 878 F.2d 772, 774 (3d Cir. 1989).[2]  The Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of <u>in forma pauperis</u> claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  <u>Deutsch v. United States</u>, 67 F.3d 1080, 1083 (3d Cir. 1995).  "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992).

Plaintiff correctly states that he is presently the subject of an ongoing federal criminal prosecution in this district.  <u>See</u> <u>United States v. Reynolds</u>, Case No. 3:05-CR-493.  AUSA Gurganus is the prosecuting attorney and the Honorable Edwin M. Kosik is the presiding judge.  Jury selection and trial are presently scheduled for March, 2007.

It  is well-settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1975).  As noted above, Reynolds indicates that he is being subjected to an unconstitutional federal prosecution.  Thus, he is attacking the legality of both his ongoing pre-trial detention and pending criminal prosecution. More recently, the United States Supreme Court in <u>Edwards v. Balisok</u>, 520 U.S. 641,

---

2.   Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." <u>Roman v. Jeffes</u>, 904 F.2d 192, 194 (3d Cir. 1990) (quoting <u>Sultenfuss v. Snow</u>, 894 F.2d 1277, 1278 (11th Cir. 1990)).

646 (1997), concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a § 1983 civil rights action.  Id. at 646.  Pursuant to Preiser and Edwards, Plaintiff's demands for injunctive relief, especially his request for acquittal of criminal charges, are not properly raised in a civil rights complaint.

With respect to Reynolds' requests for punitive and compensatory damages, it is a well-established principle of law that judges are absolutely immune from suit for damages for conduct performed in the course of their official duties.  Stump v. Sparkman, 435 U.S. 349, 359 (1978); Oatess v. Sobolevitch, 914 F.2d 428, 431 (3d Cir. 1990) (recognizing that a court may dismiss an allegation against a judge based on an exercise of judicial power).  Consequently, since the claims against Judge Kosik are based on actions taken by that Defendant in the exercise of his official duties, i.e., determinations made during the Plaintiff's ongoing criminal prosecution, he is entitled to absolute immunity from monetary damages.

With respect to the claims that Defendant Gurganus acted improperly with regard to his prosecution of Plaintiff, a prosecuting attorney is absolutely immune from liability for monetary damages in civil rights actions for acts such as the initiation of the prosecution and presentation of the state's case which are intimately associated with the judicial phase of the criminal process.  Imbler v. Pachtman, 424 U.S. 409, 420 (1976); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 462 (3d Cir. 1996).  However, only qualified immunity is available to prosecutors with regard to allegations based on their administrative and/or investigative duties.  See Hawk v.

4

Brosha, 590 F. Supp. 337, 344 (E.D. Pa. 1984).  Plaintiff's instant claims against AUSA Gurganus regarding the introduction of evidence to a federal grand jury are "intimately associated with the judicial phase of the criminal process," see Imbler, 424 U.S. at 430 and, therefore, AUSA Gurganus is also absolutely immune from damages.

Moreover, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid", until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Id. at 486-87.  Thus, Reynolds' requests for damages are premature because he cannot maintain a cause of action for unlawful imprisonment until the basis for his ongoing imprisonment is rendered invalid.

**Conclusion**

Since Plaintiff's complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous.  Wilson, 878 F.2d at 774.  An appropriate Order will enter.

   s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge
UNITED STATES DISTRICT COURT
FOR THE

MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL CURTIS REYNOLDS, | : | |
| Plaintiff | : | |
| v. | : | CIVIL NO. 4:CV-06-2466 |
| EDWIN M. KOSIK, JUDGE, ET AL., | : | (Judge McClure) |
| Defendants | : | |

# **ORDER**

January 18, 2007

In accordance with the accompanying memorandum,

**IT IS HEREBY ORDERED THAT:**

1. The Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Clerk of Court is directed to close the case.[3]

3. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

   s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

---

[3]. The dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee. Until the filing fee is paid in full, the Administrative Order issued in this case is binding on the Warden of the Lackawanna County Prison, as well as the Superintendent of any correctional facility to which Plaintiff is transferred.